UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**FIRST BANK AND TRUST**                                   **CIVIL ACTION**

**VERSUS**                                                  **NO. 14-2017**

**SCOTTSDALE INSURANCE COMPANY**                            **SECTION: "G"(1)**

### ORDER

In this litigation, Plaintiff and Defendant-in-Interpleader First Bank and Trust ("First Bank") alleges that it is entitled to money due under Defendant-in-Interpleader Edward Neely's ("Neely") insurance policy with Defendant and Plaintiff-in-Interpleader Scottsdale Insurance Company's ("Scottsdale").[1] First Bank asserts that, because money is due under the policy for damage to the insured property, and because First Bank's interest in the insured property as a mortgagee is superior to that of Neely, under the terms of the policy, the money due is properly payable to First Bank.[2] Before the Court is Scottsdale's "Motion to Strike"[3] in which Scottsdale moves to strike Exhibit A,[4] attached to First Bank's memorandum in opposition to Scottsdale's "Motion for Summary Judgment."[5] Scottsdale asserts that the document is "unsworn and unauthenticated" and therefore is not proper evidence to be considered on a motion for summary judgment.[6] The Court granted

---

[1] Rec. Doc. 1.

[2] *Id.* at p. 4.

[3] Rec. Doc. 73.

[4] Rec. Doc. 70-1.

[5] Rec. Doc. 69.

[6] Rec. Doc. 73 (citing *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994)).

1

Scottsdale's "Motion for Expedited Consideration"[7] and the motion was set for hearing on September 16, 2015.[8]

According to First Bank, the document Scottsdale seeks to strike is a copy of the backs of checks currently being held by the Clerk of Court.[9] The document at issue also appears to be the subject of First Bank's "Request for Judicial Notice."[10] Accordingly, the Court will consider both the motion to strike as well as the request for judicial notice.

Pursuant to Federal Rule of Civil Procedure 56(c)(2), on a motion for summary judgment, a party "may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence."[11] After the 2010 amendments to Rule 56, "[t]here is no need to make a separate motion to strike" inadmissible evidence.[12] According to the comments following the revised rule:

> Subdivision (c)(2) provides that a party may object that material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence. The objection functions much as an objection at trial, adjusted to the pretrial setting. The burden is on the proponent to show that the material is admissible as presented or to explain the admissible form that is anticipated . . . . [13]

The Fifth Circuit has found that it is therefore proper for motions to strike evidence, presented in

---

[7] Rec. Doc. 72.

[8] Rec. Doc. 77.

[9] Rec. Doc. 76 at p. 2.

[10] In its "Request for Judicial Notice," First Bank asks the Court to take "judicial notice of its own records, in particular the record in this case, including the original checks issued in this case, which have been deposited with the clerk of court for safekeeping, pursuant to this court's order of October 10, 201[4] (Rec. Doc. 7) and which are currently in the possession of the clerk of this court, pursuant to that order." Rec. Doc. 75.

[11] FED. R. CIV. P. 56(c)(2).

[12] FED. R. CIV. P. 56(c)(2) advisory committee's notes to 2010 amendment.

[13] *Id.*

support or in opposition to a motion for summary judgment, to be treated as objections to the evidence.[14] Accordingly, the Court will convert the motion to strike into an objection and consider it as such.

Scottsdale asserts the document should be stricken because "[u]nauthenticated documents are improper as summary judgment evidence."[15] In opposition, First Bank asserts that the document is "not offered as summary judgment evidence, but was attached as a convenience to the court, so that the court did not have to actually have the clerk deliver the original checks to chambers for *in camera* review."[16] First Bank contends that the Court can take judicial notice of the checks pursuant to Federal Rule of Evidence 201(b)(2), which provides that a court may take judicial notice of a fact that is not subject to reasonable dispute when it "can be accurately and readily determined from sources whose accuracy cannot reasonably by questioned."[17] First Bank contends that, in this case, the Court must take judicial notice, pursuant to Federal Rule of Evidence 201(c)(2), which provides that the Court must take judicial notice "if a party requests it and the court is supplied with the necessary information."[18]

In support, First Bank cites the Fifth Circuit's decision in *ITT Rayonier Inc. v. United States*,[19] in which the Circuit noted that a court may "take judicial notice of its own records or of

---

[14] *See Cutting Underwater Technologies USA, Inc. v. Eni U.S. Operating Co.*, 671 F.3d 512, 515 (5th Cir. 2012) (adopting a district court opinion treating a motion to strike an affidavit as an objection).

[15] Rec. Doc. 73-1 (citing *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1991)).

[16] Rec. Doc. 85 at p. 2 n. 1.

[17] *Id.* at p. 3.

[18] *Id.*

[19] 651 F.2d 343 (5th Cir. 1981).

those of inferior courts."[20] First Bank also contends that taking judicial notice at this stage is proper because, pursuant to Federal Rule of Evidence 201(d), the Court "may take judicial notice at any stage of the proceeding."[21] First Bank asserts that taking judicial notice in this case is appropriate because "Scottsdale does not dispute that the checks that First Bank deposited are, in fact, the original checks it issued, and it is actively asking the court to return those checks to it."[22]

Pursuant to the Court's September 10, 2014 Order, two checks issued by Scottsdale were deposited for safekeeping with the Clerk of Court.[23] Scottsdale has since requested that the Court release the checks, return them to Scottsdale, and allow them to deposit the sum into the registry of this Court.[24] Therefore, there appears to be no dispute regarding the authenticity of these checks. Because the authenticity of the actual checks filed into the registry of the Court is not disputed, the Court will examine them and disregard any copies submitted into the record.

---

[20] *Id.* at 345 n. 2 (citing *Kinnett Dairies, Inc. v. Farrow*, 580 F.2d 1260, 1277 n. 33 (5th Cir. 1978).

[21] Rec. Doc. 76 at p. 3.

[22] *Id.* at p. 2 (citing Rec. Docs. 67; 67-1).

[23] Rec. Doc. 7.

[24] Rec. Doc. 67-1.

Accordingly;

**IT IS HEREBY ORDERED** that Scottsdale's "Motion to Strike"[25] is hereby converted to an objection.

**IT IS FURTHER ORDERED** that First Bank's request that the Court take judicial notice of the documents already in the Court's possession is **GRANTED**, should the Court find it necessary to do so.

**NEW ORLEANS, LOUISIANA**, this  21st  day of September, 2015.

                                                **NANNETTE JOLIVETTE BROWN**
                                                **UNITED STATES DISTRICT JUDGE**

---

[25] Rec. Doc. 73.